# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MONTEZ A. STOVALL,

        Petitioner,

v.                               Case No. 08-CV-12150

NICK LUDWICK,

        Respondent.

_____/

### OPINION AND ORDER DENYING PETITIONER'S MOTION FOR EQUITABLE TOLLING AND ORDER TO SHOW CAUSE WHY THE PETITION FOR A WRIT OF HABEAS CORPUS SHOULD NOT BE DISMISSED AS UNTIMELY

Petitioner Montez Stovall, a state prisoner currently confined at the St. Louis Correctional Facility in St. Louis, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner pleaded guilty to two counts of second-degree murder, Mich. Comp. Laws § 750.317, and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b, in the Recorder's Court for the City of Detroit (now the Wayne County Circuit Court) in 1992. He was sentenced to concurrent terms of life imprisonment and a consecutive term of two years imprisonment on those convictions.

In his petition, Petitioner raises claims concerning the voluntariness of his plea and the effectiveness of trial and appellate counsel. This matter is before the court on Petitioner's "Motion for Equitable Tolling to Allow Petitioner's Pro se Petition for Writ of Habeas Corpus to Proceed Timely." For the reasons set forth herein, the court will deny Petitioner's motion and order him to show cause as to why the petition should not be

dismissed for failure to comply with the one-year statute of limitations applicable to federal habeas actions.

## I. BACKGROUND

On November 23, 1992, Petitioner pleaded guilty to two counts of second-degree murder and possession of a firearm during the commission of a felony in the Recorder's Court for the City of Detroit pursuant to a plea agreement which called for dismissal of a first-degree murder charge and a sentence of life imprisonment (with the possibility of parole) plus two years. On December 15, 2002, the trial court sentenced Petitioner to concurrent terms of life imprisonment with the possibility of parole and a consecutive term of two years imprisonment in accordance with the plea agreement.

Following sentencing, Petitioner pursued an appeal with the Michigan Court of Appeals, which denied him relief. *See People v. Stovall*, No. 162126 (Mich. Ct. App. Feb. 17, 1994) (unpublished). He also filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *See People v. Stovall*, 446 Mich. 862, 521 N.W.2d 618 (1994).

Petitioner then filed his first petition for a writ of habeas corpus with the United States District Court for the Western District of Michigan, which was dismissed without prejudiced on exhaustion grounds. *See Stovall v. Hawley*, No. 2:95-CV-00065 (W.D. Mich. April 11, 1995) (Order and Judgment Approving Report and Recommendation).

On May 3, 1995, Petitioner filed a motion for relief from judgment with the state trial court, which was denied. *See People v. Stovall*, Nos. 92-00334-01, 92-00335-01 (Detroit Recorder's Ct. June 7, 1995). It does not appear from the record that Petitioner appealed this decision to the Michigan appellate courts.

2

On October 2, 2005, Petitioner filed a second motion for relief from judgment with the state trial court, which was denied. *See People v. Stovall*, No. 92-334, 92-335 (Wayne Co. Cir. Ct. June 30, 2006). Petitioner then filed an application for leave to appeal with the Michigan Court of Appeals, which was denied. *See People v. Stovall*, No. 273612 (Mich. Ct. App. May 4, 2007) (unpublished). His application for leave to appeal with the Michigan Supreme Court was also denied. *See People v. Stovall*, 480 Mich. 953, 741 N.W.2d 359 (Nov. 29, 2007).

Petitioner signed the present petition for a writ of habeas corpus on May 6, 2008 and his motion for equitable tolling on May 8, 2008 and both documents were filed by the court on May 16, 2008.

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, became effective on April 24, 1996 and governs the filing date for this action because Petitioner filed his petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA amended 28 U.S.C. § 2244 to include a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. *See Vroman v. Brigano*, 346 F.3d 598, 601 (6th Cir. 2003). The one-year statute of limitations runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized

3

by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). A habeas petition filed outside the time period prescribed by this section must be dismissed. *See Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002).

Petitioner's 1992 convictions became final before the AEDPA's April 24, 1996 effective date. Prisoners whose convictions became final prior to the AEDPA's effective date are given a one-year grace period in which to file their federal habeas petitions. *See Abela v. Martin*, 348 F.3d 164, 167 (6th Cir. 2003). Accordingly, Petitioner was required to file his habeas petition on or before April 24, 1997, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

The trial court denied Petitioner's first motion for relief from judgment on June 7, 1995. Petitioner then had, at the most, one year in which to appeal the trial court's decision. *See* Mich. Ct. R. 6.509(A). He did not do so. The one-year limitations period was therefore tolled, at the latest, until June 7, 1996 when Petitioner's time for seeking leave to appeal with the Michigan Court of Appeals ended. *See Palmer v. Lavigne,* 43 Fed. Appx. 827, 828 & n. 1 (6th Cir. 2002). The statute of limitations then began running on June 7, 1996 (rather than April 24, 1996) and expired one year later on June 7, 1997.

Petitioner did not file his second state court motion for relief from judgment

challenging his 1992 convictions until October 2, 2005. Thus, the one-year limitations period had expired well before Petitioner sought state post-conviction or collateral review of his convictions. A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled. *See Hargrove v. Brigano*, 300 F.3d 717, 718 n. 1 (6th Cir. 2002); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003). Petitioner's state post-conviction proceedings, instituted in 2005, did not toll the running of the statute of limitations. The AEDPA's limitations period is only tolled while a prisoner has a properly filed motion for post-conviction or collateral review under consideration. *See* 28 U.S.C. § 2244(d)(2); *Hudson v. Jones*, 35 F. Supp. 2d 986, 988 (E.D. Mich. 1999). The AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings. *See Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001).

Petitioner does not allege that the State created an impediment to the filing his habeas petition or that his claims are based upon newly-created rights. Rather, he alleges that his claims are based upon newly-discovered evidence. Specifically, he asserts that his habeas claims rely upon information contained in his preliminary examination transcripts and that he did not realize he was missing portions of those transcripts until July or August, 2005. Petitioner, however, has not shown that his habeas claims are based upon newly-discovered facts. In such a case, the limitations period begins when the factual predicate for the claim could have been discovered through the exercise of due diligence, not when it was actually discovered by the petitioner. *See Brooks v. McKee*, 307 F. Supp. 2d 902, 905-06 (E.D. Mich. 2004) (citing

cases). The time commences when the petitioner knows or through due diligence could have discovered the important facts for the claim, not when the petitioner recognizes the legal significance of those facts. *Id.* The start of the limitations period does not await the collection of evidence to support the facts. *Id.*

In this case, Petitioner attended the preliminary examination and thus knew or could have reasonably discovered the basis for any habeas claims arising from that examination well in advance of the expiration of the one-year limitations period. Additionally, it is well-settled that a prisoner has no constitutional right to transcripts on collateral review of a conviction, *see United States v. MacCollom*, 426 U.S. 317 (1976), and that the lack of a transcript is not a circumstance which justifies equitable tolling of the limitations period. *See Johnson v. Randle*, 28 Fed. Appx. 341, 343 (6th Cir. 2001); *Grayson v. Grayson*, 185 F. Supp. 2d 747, 751-52 (E.D. Mich. 2002). Petitioner has not shown that an inability to obtain transcripts prevented him from timely challenging his guilty plea convictions. *See Young v. Curtis*, 102 Fed. Appx. 444, 447 (6th Cir. 2004). He could have filed a state post-conviction motion or federal habeas petition within the one-year grace period and then sought production of transcripts or other materials relevant to his claims. Petitioner has not offered sufficient explanation to justify his lengthy delay in seeking relief or his failure to proceed more diligently on his habeas claims. Tolling is unwarranted under such circumstances. *See Williams v. Vasbinder*, No. 05-CV-74371-DT, 2006 WL 2123908, *4 (E.D. Mich. 2006). His petition is thus barred by the statute of limitations set forth in 28 U.S.C. § 2244(d).

The United States Court of Appeals for the Sixth Circuit has determined that the one-year limitations period is subject to equitable tolling. *See Griffin v. Rogers*, 308

F.3d 647, 652 (6th Cir. 2002). Generally, a litigant seeking equitable tolling bears the burden of establishing: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (assuming but not deciding that equitable tolling applies to federal habeas actions); *see also Jurado*, 337 F.3d at 642; *Griffin*, 308 F.3d at 653. In *Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001), the Sixth Circuit ruled that the test to determine whether equitable tolling of the habeas limitations period is appropriate is the five-factor analysis set forth in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988). The factors are:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008. "These factors are not necessarily comprehensive and they are not all relevant in all cases. Ultimately, the decision whether to equitably toll a period of limitations must be decided on a case-by-case basis." *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002) (internal citation omitted).

In addition to the newly-discovered evidence argument discussed *supra*, Petitioner asserts that he is entitled to equitable tolling because he has a limited education and limited legal knowledge. However, the fact that Petitioner is untrained in the law, may have been proceeding without a lawyer, or may have been unaware of the statute of limitations for a period of time does not warrant equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (ignorance of the law does not justify tolling);

*Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling).

Petitioner also asserts that he is entitled to equitable tolling because he was found incompetent to stand trial shortly after the preliminary examination hearing. The record belies this claim. The trial court's 1995 order denying his motion for relief from judgment states that Petitioner was found competent following a hearing on October 9, 1992. While the record seems to indicate that Petitioner had and/or may have mental health issues requiring medication, there is no indication that he was unable to comprehend or recall his preliminary examination and plea proceedings, nor has he shown that his mental health issues have prevented him from seeking habeas review in a timely manner. Conclusory allegations, without evidentiary support, do not provide a basis for habeas relief. *See, e.g., Workman v. Bell*, 160 F.3d 276, 287 (6th Cir. 1998).

Petitioner asserts that he has been diligent in seeking habeas relief. The record, however, indicates that he did not appeal the state trial court's denial of his first motion for relief from judgment in 1995 and that he waited 10 years (eight years after the expiration of the one-year period) to file his second motion for relief from judgment in the state trial court. While his conduct may not have been intentionally dilatory, it clearly was not diligent. Lastly, the court notes that the absence of prejudice to the Respondent is a factor to be considered "only after a factor that might justify tolling is identified." *Vroman v. Brigano*, 346 F.3d 598, 605 (6th Cir. 2003). No such factor has been identified. Petitioner has failed to demonstrate that he is entitled to equitable tolling of the one-year limitations period under *Dunlap.*

The Sixth Circuit has also held that a credible claim of actual innocence may equitably toll the one-year statute of limitations set forth at 28 U.S.C. § 2244(d)(1). *See Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005). As explained in *Souter,* to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)); *see also House v. Bell*, 547 U.S. 518, 537-39 (2006). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623.

Petitioner has made no such showing. His conclusory allegation that he is innocent does not justify equitable tolling. *See Weibley v. Kaiser*, 50 Fed. Appx. 399, 403 (10th Cir. 2002)); *see also Blackledge v. Allison*, 431 U.S. 63, 74 (1977) (solemn declaration of guilt carries a presumption of truthfulness); *United States v. Parson*, No. 00-4087, 2001 WL 1450696, *2 (6th Cir. Nov. 2, 2001) (citing *Blackledge* and indicating that actual innocence is difficult to establish when a defendant pleads guilty); *Loving v. Mahaffey*, 27 Fed. Appx. 925, 926 (10th Cir. 2001) (same). Further, Petitioner's contention that his habeas claims have merit does not state a claim of actual innocence – nor does it justify tolling the limitations period. *See Holloway*, 166 F. Supp. 2d at 1191. Petitioner has thus failed to demonstrate that he is entitled to equitable tolling of

the one-year period.

## III. CONCLUSION

Petitioner has failed to file his petition for a writ of habeas corpus within the time permitted by 28 U.S.C. § 2244(d) and has not demonstrated that he is entitled to statutory or equitable tolling of the one-year limitations period.  Accordingly,

IT IS ORDERED that Petitioner's motion for equitable tolling [Dkt. # 2] is DENIED.  In light of this conclusion, Petitioner is ORDERED to show cause on or before **June 24, 2008** why his petition should not be dismissed for failure to comply with the statute of limitations.

     S/Robert H. Cleland
     ROBERT H. CLELAND
     UNITED STATES DISTRICT JUDGE

Dated:  June 3, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 3, 2008, by electronic and/or ordinary mail.

     S/Lisa Wagner
     Case Manager and Deputy Clerk
     (313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\08-12150.STOVALL.EquitTolling.wpd